The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>     v.<br><br>NEAL STRINGER,<br><br>                        Defendant. | NO.  2:18-cr-00157-RAJ<br><br>ORDER ON DEFENDANT'S MOTION<br>FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Neal Stringer's *pro se* motion for compassionate release.  Dkt. 69.  Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Stringer is an inmate currently detained at Federal Correctional Institution McDowell, with a projected release date of November 24, 2022.  On August 31, 2018, he entered a plea of guilty to one count of Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846, and one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Dkt. 40.  On April 12, 2019, this Court sentenced Mr. Stringer to 60 months in custody, to be followed by four years of supervised release.

Dkt. 65. Mr. Stringer now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served or to convert his remaining custodial time to be served on home confinement.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care

within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Stringer's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

///

///

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Stringer's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). On July 7, 2020, Mr. Stringer submitted a formal request for compassionate release to his facility. Dkt. 78, Ex. 4. On July 22, 2020, the Warden denied the request. Dkt. 78, Ex. 5. Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Stringer's motion is properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Stringer's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Stringer bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Stringer argues that his medical conditions, specifically depression, chronic hypertension, obesity, diabetes, shortness of breath, fast or abnormal heartbeat, lung scarring, tightness in his chest, and feeling very tired or weak, together with his history as a cigarette smoker, make him particularly susceptible to contracting coronavirus-19 (COVID-19). Dkt. 69.

In support of his motion, Mr. Stringer also sets forth claims regarding the conditions at FCI McDowell, where he is currently incarcerated, which place him at further risk of contracting the virus, highlighting the overcrowding and the impossibility of maintaining social distancing, the use of shared amenities and facilities, and the lack of testing for the virus. Dkt. 69.

The government argues that the grounds set forth by Mr. Stringer do not support compassionate release given his relatively young age (48 years old) and the fact that as of April 13, 2021, he has received both doses of the Pfizer BioNTech vaccine. The government indicates that Mr. Stringer's medical records from the Bureau of Prisons (BOP) confirm diagnoses of bipolar II disorder, hypertension, Type II diabetes, anxiety disorder, and hyperlipidemia. Dkt. 78, Ex. 2 at 4, 7, 19, 97-100. The government sets forth that Mr. Stringer's other claimed health conditions (obesity, history of cigarette smoking, shortness of breath, fast or abnormal heartbeat, lung scarring, tightness in the chest, and feeling weak or tired) are not substantiated by the medical records. As it relates to Mr. Stringer's medical conditions that are substantiated, the medical records evidence regular treatment by medical staff, during which Mr. Stringer has been prescribed medications to treat his conditions, specifically Wellbutrin, Lisinopril (also known as Zestril and Prinivil), Remeron, and Melformin (also known as Glucophage). Dkt. 78, Ex. 2 at 107-112. The government argues there is no evidence in the records that Mr. Stringer's medical conditions remain untreated or inadequately treated. Dkt. 76.

The government indicates that Mr. Stringer's Type II diabetes, hypertension, and possibly his scarred lung tissue, fall within the now-combined list maintained by the Centers for Disease Control and Prevention (CDC) of those medical conditions that the CDC concluded definitely place an individual at greater risk of developing complications and those factors that "might" raise an individual's risk. The government points out that the medical records do not provide evidence that Mr. Stringer is obese, nor that he is or was a cigarette smoker or has been diagnosed as having scarred lung tissue that rises to the level of interstitial lung disease. The government further indicates that the CDC's combined list does not include the other conditions claimed by Mr. Stringer to increase his risk, specifically his bipolar II disorder, shortness of breath, fast or abnormal heartbeat, chest tightness, feeling weak or tired, anxiety disorder, or hyperlipidemia. Dkt. 76.

While the government indicates Mr. Stringer's diagnosis of Type II diabetes would normally lead the government to concede that the Court could find this diagnosis to present an extraordinary and compelling reason to grant the reduction in sentence, the government highlights Mr. Singer's vaccination status, in that as of April 2021, he has received both doses of the Pfizer BioNTech vaccine, and thus is substantially protected against developing severe complications resulting in hospitalization or death should he become infected with the virus.  Dkt. 76.

In response to Mr. Stringer's claims regarding the conditions of his confinement during the pandemic, the government sets forth the substantial measures the Bureau of Prisons and FCI McDowell are taking to combat the spread of the virus.  Dkt. 76.

To a certain degree, the Court agrees with the government that Mr. Stringer's receipt of the vaccination moots all of his arguments about his vulnerability to COVID-19.  While no vaccine is 100% effective, it substantially reduces the likelihood of Mr. Stringer contracting the virus.  He is thus left with just the argument of his fear of contracting the virus.  While concerns about contracting the virus are certainly understandable, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *See, United States v. Eberhart,* _F. Supp. 3d_, 2020 WL 1450745 at *2 (N.D. Cal. 2020); *United States v. Stanard,* 2020 WL 221948 (W.D. WA. May 7, 2020) and *United States v. Fuentes*, 2020 WL 1937398 (E.D. Ca. Apr. 22, 2020).

**D.  Safety of Others**

The Court next turns to whether Mr. Stringer presents a danger to the safety of any other person or to the community.  As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and

characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g).  The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Stringer argues that he would not pose a danger to the community, citing his engagement in programming and unsupervised employment while incarcerated, his changed nature due to finding religion, and his support system available to assist him upon his release. Dkt. 69.

While acknowledging the positive efforts Mr. Stringer has made while incarcerated, the government counters that he remains a danger to the community. The government highlights the extensive amount of methamphetamine Mr. Stringer sold to an informant and undercover officer on multiple occasions in this matter, and particularly emphasizes the fact that he also offered firearms for sale, claimed to possess firearms himself, and actually sold a firearm to an undercover officer. Dkt. 76. In light of this record, Mr. Stringer's past outweighs his claimed current efforts at rehabilitation as a justification for his release.

### E.  Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Stringer's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Stringer argues that the Court should reweigh the § 3553(a) factors in light of his post-conviction conduct, including his efforts at improving himself through education and employment while incarcerated. Dkt. 69.

The government disagrees and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of this offense, continue to support the 60-month sentence, and that nothing about the COVID-19 pandemic serves to provide a basis for the Court to reduce the sentence originally imposed. Dkt. 76. The Court agrees with the government and finds no justification to alter the previously imposed sentence.

### III.  CONCLUSION

For the foregoing reasons, Defendant Neal Stringer's motion for compassionate release is **DENIED**.

DATED this 12th day of August 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge